UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


ANTHONY VAZ, ET AL.                                                                      PLAINTIFFS

V.                                                             CIVIL ACTION NO. 1:06cv481-LTS-RHW

ALLSTATE PROPERTY AND CASUALTY                                              DEFENDANTS
INSURANCE COMPANY AND JOHN DOES 1-10


**ORDER**

        The United States Magistrate Judge entered a [5] show cause order in this action because
of his concern that the prospect of over 300 individually joined plaintiffs might require
severance.  He gave counsel for the parties the opportunity to brief the issue.

        After considering counsel's input, the Magistrate concluded [18] that the Plaintiffs should
be required to file separate complaints corresponding to individual parcels of damaged property.
The Plaintiffs have filed [19] objections to the severance order.

        Plaintiffs attached as an exhibit to their original [7] response to the show cause order an
order concerning common issues entered in a state court asbestos personal injury case.  That
order was grounded on Mississippi Rule of Civil Procedure 42, a counterpart to the federal rule
bearing the same number.  Much of Plaintiffs' initial response centered on consolidation of
common issues in conjunction with permissive joinder as if the two rules are interdependent.  On
the other hand, their objections focus on the joinder question.

        Defendant Allstate points out that different theories of recovery are advanced, and that the
claims represent the purchase of insurance policies from numerous agents as well as properties
spread out among the entire Mississippi Gulf Coast.  It is beyond argument that certain segments
within each community were impacted in different ways .

        Plaintiffs' argument for joinder is simplistic: the common occurrences of Hurricane
Katrina, the damage it wrought, and the denial of insurance coverage allow proceeding under
Fed. R. Civ. P. 20(a).  They make the broad claim that the Court and the parties will realistically
only be able to try 10 to 15 cases a year if severance occurs.  This same assertion is made in two
other multiple plaintiffs cases filed by Plaintiffs' counsel.  *McFarland v. State Farm Fire &
Casualty Co.*, Civil Action No. 1:06cv466; and *Bradley v. Nationwide Mutual Insurance Co.*,
Civil Action No. 1:06cv528.

        Defendant does not appear to be averse to the notion of consolidation, once some
discovery is held in the individual cases.  A key ingredient of the Magistrate's severance order is

the recognition that the Court may consolidate issues for trial pursuant to Fed. R. Civ. P. 42.

It would be inconsistent for this Court to deny class certification in a setting where similar broad claims were made and at the same time allow the instant action to go forward in what the Magistrate accurately described as a "quasi-class action lawsuit but without regard for the rigid requirements for class certification." Even with the benefit of hindsight, this Court is convinced that through various means it is construing and administering the Federal Rules of Civil Procedure to secure the just, speedy, and inexpensive determination of every action. For example, the Court recently concluded a successful pilot mediation program, and is embarking on an expanded next round. Aside from the obvious benefit of reaching agreed settlements in a promising number of cases, certain common issues are being identified, including but not limited to the interaction between flood policies and homeowner policies that cover property at a single location. That same issue, which has not been formally presented to the Court, may apply to certain plaintiffs named in this action.

The business of managing the Hurricane Katrina insurance litigation is a process. To expand on what the Magistrate pointed out, the Court continually explores avenues in an attempt to streamline its docket. It would be simple enough to conclude that Plaintiffs have not carried their burden under Fed. R. Civ. P. 72 of showing that the Magistrate's order of severance is clearly erroneous or contrary to law, but that would accomplish little without some direction. It is also worth observing that the prospect of a ruling contrary to one's position should not call for the alternative threats of an interlocutory appeal (without any citation of authority supporting one) or forum shopping by requesting the Court to enter a dismissal order under Fed. R. Civ. P. 41 so that Plaintiffs can inundate the state court system, if they so choose.

The choices afforded by Rule 16 of the Federal Rules, on the other hand, are valuable tools for managing cases. Subsections (13), (14), and (15) of section (b) respectively address the need for adopting special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems; separate trials under Rule 42(b) with respect to a claim or with respect to any particular issue in the case; and the presentation of evidence early in the trial with respect to a manageable issue that could, on the evidence, be the basis for a judgment as a matter of law under Rule 50(a) or a judgment on partial findings under Rule 52(c). Subsection (16) is a catch-all for other matters that may facilitate the just, speedy, and inexpensive disposition of the action.

Lumping a large number of Plaintiffs who are not similarly situated (but for Hurricane Katrina, some kind of damage, and at least one common insurance carrier) in one case is not the appropriate answer. The Court expects and anticipates real cooperation from all counsel to determine the identity of common questions of law or fact which may exist in separate cases; the Court will not venture a guess at present as to any of them for fear of limiting substantive analysis or fact-based imagination.

Accordingly, **IT IS ORDERED**:

Plaintiffs' [19] Objections to the [18] Order of Severance is not well taken in any respect

and is, therefore, **DENIED**, and the decision of the United States Magistrate Judge is hereby **AFFIRMED**;

This cause of action shall proceed in a manner consistent with all provisions of the [18] Order of Severance, unless otherwise ordered by the United States Magistrate Judge with respect to scheduling matters.

**SO ORDERED** this the 25ᵗʰ day of October, 2006.

s/ *L. T. Senter, Jr.*
L. T. Senter, Jr.
Senior Judge